# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS
# EAST SAINT LOUIS DIVISION

| | |
|---|---|
| **Justin Owen,** ) | |
| ) | |
| **Plaintiff,** ) | **Case: 3:23-cv-00147** |
| ) | |
| **v.** ) | |
| ) | |
| **St. Mary's Hospital, Centralia, Illinois** ) | |
| ) | |
| **Defendant.** ) | **Jury Trial Demanded** |
| ) | |

## COMPLAINT

Plaintiff, Justin Owen ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against. St. Mary's Hospital, Centralia, Illinois ("Defendants"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendants' hostile work environment under the ADA, and also terminating Plaintiff's employment because of their disability and in retaliation for them attempting to assert their rights under the ADA when Plaintiff reported harassment and discrimination because of their disability.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3. Venue of this action properly lies in the Southern District of Illinois, East St. Louis Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, have occurred or been complied with.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of their receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Justin Owen, resides in Marion County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, St. Mary's Hospital, Centralia, Illinois, is a corporation doing business in and for Marion County whose address is 400 N. Pleasant Avenue Centralia, IL 62801.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

11. The Defendants hired the Plaintiff, Justin Owen, to work at St. Mary's Hospital, Centralia, Illinois, in Centralia, Illinois on or around August 3, 2015, as a housekeeper, until he was unlawfully terminated on or around July 18, 2022, because of his disability.

12. Prior to being hired, the Plaintiff disclosed his disability to the Employer and the need for reasonable accommodations.

13. At that time, the Employer had no issues and the Plaintiff's employment began.

14. During the first six (6) years of the Plaintiff's employment, he never had any negative performance issues or disciplinary actions.

15. The Defendant subjected the Plaintiff to discrimination because of his disability.

16. The Plaintiff suffers and is diagnosed with Hypoxic-Ischemic Encephalopathy which is limits the blood flow to the brain at or near birth which results in long term disability that affects major life activities.

17. Defendants subjected the Plaintiff to different terms and conditions of employment than others not within Plaintiff's protective class because of their disability.

18. The Plaintiff is a member of a protected class because of Hypoxic-Ischemic Encephalopathy that has affected major life activities.

19. The major life activities that have affected the Plaintiff include but are not limited to performing manual tasks, walking, standing, lifting, and/or learning disabilities.

20. Regardless of his disability, the Plaintiff is qualified to perform the essential functions of his job, with or without reasonable accommodation.

21. The Plaintiff upon his hire disclosed his disability to the Employer and provided

medical documentation regarding the reasonable accommodations.

22. The Employer was aware of the Plaintiff's capabilities, and was able to perform the essential functions of his job duties with or without reasonable accommodations.

23. In or around January 2022, a new supervisor was hired, Ms. Doris Danney.

24. Ms. Danney immediately began changing the Plaintiff's daily tasks and targeted him due to his disability.

25. Ms. Danney had a documented fear of individuals with developmental issues.

26. Under the conditions of the Plaintiff's disability, he performs best if he is assigned to familiar and repetitive tasks. This accommodation was not an issue for the first 6 years of employment.

27. The Employer had no issues with providing him tasks to accommodate his disability, until, Ms. Danney was assigned as the Plaintiff's supervisor.

28. The Plaintiff was targeted by Ms. Danney and would assign new and unfamiliar tasks to him in an effort to trigger the Plaintiff's anxiety.

29. She would follow him around and state to him that he was "moving too slowly, you need to hurry up."

30. The Plaintiff's speed was not an issue for over six years until the new supervisor was placed.

31. The Plaintiff advised Ms. Danney that he was doing the best that he could. Ms. Danney ignored the Plaintiff's concerns and continued to harass the Plaintiff on the basis of his disability.

32. Because of Ms. Danney's unlawful conduct, the Plaintiff began to exhibit anxiety

and panic attacks at work.

33. In or around June, 2022, the Employer's Human Resources Representatives, Ms. Barb Gowler (non-disabled) and Plaintiff's manager, and Ms. Teresa Haynes (non-disabled) told the Plaintiff "This is the job, if you can't do it, we can always find someone else who can."

34. Again, the Plaintiff was immediately embarrassed, in fear and humiliated by the Employer's sever and pervasive harassment.

35. On or around July 12, 2022, as a result if the harassment the Plaintiff suffered from a medical emergency and was hospitalized for two days.

36. The Plaintiff informed the Employer of his medical condition that resulted in his hospitalization.

37. Not even a week later, on or around July 18, 2022, the Employer terminated the Plaintiff's employment.

38. The Employer's reason for the Plaintiff's termination was "lacking in performance."

39. The Employer's purported reason for termination was pre-text for disability discrimination and in retaliation for seeking reasonable accommodations.

40. The Employer failed to engage in the interactive process regarding reasonable accommodations that it that they were on notice for and as required under the ADA.

41. The Plaintiff has been discriminated against on the basis of his disability and retaliated against in violation of the Americans with Disabilities Act of 1990, as amended.

## COUNT I
### Disability-Based Harassment
### in Violation of Americans with Disabilities Act of 1990,
### as amended, 42 U.S.C. § 12101 et seq.

42. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

43. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and harassed the Plaintiff on the basis of their disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

44. Defendant knew or should have known of the harassment.

45. The disability harassment was severe or pervasive.

46. The disability harassment was offensive subjectively and objectively.

47. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to his disability.

48. Defendants acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Disability Discrimination -Violations of the Americans with Disabilities Act ("ADA")

49. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

50. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based on his disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

51. Defendants terminated Plaintiff's employment on the basis of their disability.

52. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless violation

of the ADA.

53. Plaintiff is a member of a protected class under the ADA, due to his disability.

54. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendants, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

55. Defendants acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of his employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Retaliation in Violation of 42 U.S.C. § 12101, *et seq.*

56. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

57. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

58. During Plaintiff's employment with Defendants, Plaintiff reasonably complained to Defendants about conduct that constituted unlawful discrimination which created a sufficiently severe or pervasive work condition in violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

59. In response to Plaintiff's complaint, Defendants failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of discrimination.

60. Defendants also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

61. By virtue of the foregoing, Defendants retaliated against Plaintiff based on their reporting the disability-based discrimination, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

62. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*.

63. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendants as follows:

      a. Back pay with interest;

      b. Payment of interest on all back pay recoverable;

      c. Front pay;

      d. Loss of benefits;

      e. Compensatory and punitive damages;

      f. Reasonable attorneys' fees and costs;

      g. Award pre-judgment interest if applicable; and

      h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 18th day of January, 2022.

**/s/ *Nathan C. Volheim***
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*
